# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 11-238V
Filed: January 29, 2015
UNPUBLISHED

| | |
|---|---|
| * * * * * * * * * * * * * | |
| OMAR DEL RIO, * | |
| * | |
| Petitioner, * | Stipulation;  Damages |
| * | Flu; GBS; CIDP; |
| v. * | Transverse Myelitis |
| * | |
| SECRETARY OF HEALTH * | |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * * * * * * * * * * * * * | |

*Diana Stadelnikas Sedar*, Maglio, Christopher and Toale, PA (FL), Sarasota, FL, for petitioner.
*Glenn Alexander MacLeod*, U.S. Dep't. of Justice, Washington, DC, for respondent.

### DECISION ON JOINT STIPULATION[1]

**Gowen,** Special Master:

On April 15, 2011, Omar Del Rio ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-1 to -34 (2006).  Petitioner alleged that as a result of receiving an influenza ("flu") vaccine on or about November 11, 2010, he suffered Guillain-Barre syndrome [GBS], Chronic Inflammatory Demyelinating Polyneuropathy [CIDP], and/or Transverse Myelitis [TM]. Stipulation ¶ 2, 4, filed Jan. 28, 2015. Further, petitioner alleged that he experienced residual effects of this injury for more than six months. Id. at ¶ 4.

On January 28, 2015, the parties filed a stipulation in which they state that a decision should be entered awarding compensation.  Respondent denies that the flu vaccine caused

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

petitioner to suffer from GBS, CIDP, and/or TM or any other injury, and denies that his current disabilities are sequelae of a vaccine-related injury.. Id. at ¶ 6. Nevertheless, the parties agree to the joint stipulation, attached hereto. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that petitioner shall receive the following compensation:

a) **A lump sum of $537,502.80, which amount represents compensation for first year life care expenses ($152,502.80), lost earnings ($150,000.00), pain and suffering ($160,000.00), and past unreimbursable expenses ($75,000.00), in the form of a check payable to petitioner, Omar Del Rio;**

   **The amount set forth in paragraph (a) represents compensation for all damages that would be available under § 300aa-15(a), except as set forth in paragraphs (b) and (c) below.**

b) **A lump sum of $12,685.00, which amount represents payment of an outstanding medical bill from Craig Lichtblau, M.D., P.A., in the form of a check payable jointly to petitioner and**

**Craig H. Lichtblau, M.D., P.A.**
**550 Northlake Blvd.**
**North Palm Beach, FL 33408**

Petitioner agrees to endorse this payment to Craig H. Lichtblau, M.D., P.A., and;

c) **An amount sufficient to purchase an annuity contract to provide the benefits described in Paragraph 10 of the attached joint stipulation, to be paid to a life insurance company meeting the criteria described in Paragraph 9.**

Id. at ¶ 8.

The undersigned approves the requested amount for petitioner's compensation. Accordingly, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

**s/ Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

OMAR DEL RIO, )
)
Petitioner, )
v. )
) No. 11-238V  *Thomas L. Gowen*
SECRETARY OF HEALTH ) Special Master ~~Hamilton-Fieldman~~
AND HUMAN SERVICES, ) ECF
)
Respondent )
)

STIPULATION

The parties hereby stipulate to the following matters:

1. Omar Del Rio, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received his flu immunization on November 11, 2010.

3. The vaccination was administered within the United States.

4. Petitioner alleges that he suffered Guillain-Barré Syndrome ("GBS"), Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP") and/or Transverse Myelitis ("TM") as the result of receiving the flu vaccine and that he experienced residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

1

6. Respondent denies that the flu vaccine caused petitioner to suffer from GBS, CIDP and/or TM, or any other injury, and denies that his current disabilities are sequelae of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

   a. A lump sum of $537,502.80, which amount represents compensation for first year life care expenses ($152,502.80), lost earnings ($150,000.00), pain and suffering ($160,000.00), and past unreimbursable expenses ($75,000.00), in the form of a check payable to petitioner;

   b. A lump sum of $12,685.00, which amount represents payment of an outstanding medical bill from Craig Lichtblau, M.D., P.A., in the form of a check payable jointly to petitioner and

   Craig H. Lichtblau, M.D., P.A.
   550 Northlake Blvd.
   North Palm Beach, FL 33408

   Petitioner agrees to endorse this payment to Craig H. Lichtblau, M.D., P.A., and;

   c. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

2

a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of petitioner, Omar Del Rio, pursuant to which the Life Insurance Company will agree to make payments periodically to petitioner as follows:

a. For future unreimbursable Dietician expenses, beginning on the first anniversary of the date of judgment, an annual amount of $160.00 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

b. For future unreimbursable Case Management expenses, beginning on the first anniversary of the date of judgment, an annual amount of $1,920.00 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

c. For future unreimbursable Motorized Wheelchair Maintenance, Hoyer Lift, and Shower Chair expenses, beginning on the first anniversary of the date of judgment, an annual amount of $404.00 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

d. For future unreimbursable Bed Pad, Extra Abs Under Pad, Under Pad, Glove, Disposable Wash Cloth, Jumbo Disposable Wash Cloth, Jumbo Disposable Wash Cloth Tub Refill, Wash Cloth, Classic Brief, and Ultra Brief expenses, beginning on the first anniversary of the date of judgment, an annual amount of $2,212.07 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

e. For future unreimbursable expenses for Ducolax Over-The-Counter, Certified Nursing Assistant, and Personal Emergency Response System expenses, beginning on the first anniversary of the date of judgment, an annual amount of $82,346.20 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

f. For future unreimbursable Septra DS and Zoloft expenses, beginning on the first anniversary of the date of judgment, an annual amount of $1,435.08 to be paid for the

3

remainder of petitioner's life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

g. For future unreimbursable Van Lift Maintenance expenses, beginning on the first anniversary of the date of judgment, an annual amount of $250.00 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments set forth above in paragraph 10 may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment. Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as he, Omar Del Rio, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Omar Del Rio's death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to

4

42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation either immediately or as part of the annuity contract, will be used solely for petitioner's benefit as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioner, in his individual capacity, on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42

01/19/2015  10:47  FAX 7277369994        BAH NURSE STA #1                    ☒005

U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on November 11, 2010, as alleged by petitioner in a petition for vaccine compensation filed on or about April 15, 2011 in the United States Court of Federal Claims as petition No. 11-238V.

17. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21. This Stipulation shall not be construed as an admission by the United States or the

6

Secretary of Health and Human Services that the flu vaccine caused petitioner's GBS, CIDP and/or TM, or any other injury or his current disabilities.

22. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

01/19/2015 10:48 FAX 7277369994   BAH NURSE STA #1   ☒007

Respectfully submitted,

PETITIONER:

_____
OMAR DEL RIO

ATTORNEY OF RECORD FOR
PETITIONER:

_____
DIANA L. STADELNIKAS SEDAR, ESQ.
MAGLIO CHRISTOPHER & TOALE, PA
1605 Main Street, Suite 710
Sarasota, FL 34236
(888) 952-5242

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

_____
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

_____
A. MELISSA HOUSTON M.D., M.P.H., FAAP
Director, Division of Injury Compensation
Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

_____
GLENN A. MACLEOD
Senior Trial Counsel
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4122

Dated: 1/28/15

01/19/2015 10:48 FAX 7277369994 BAH NURSE STA #1 ☒008